UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>John C. Yasch<br>Toni K. Yasch AKA Toni K. Kemnitz<br><br>        Debtor(s). | Case No.: 17-16712<br><br>Chapter 13<br><br>Judge Arthur I Harris<br><br>* * * * * * * * * * * * * * * *<br>**MOTION OF PNC BANK, NATIONAL ASSOCIATION FOR RELIEF FROM STAY (FIRST MORTGAGE)**<br><br>13407 Sherry Ave, Cleveland, OH 44135-2150 |

      PNC Bank, National Association (the "**Creditor**") moves this Court, under Bankruptcy Code §§ 361, 362, 363 and other sections of Title 11 of the United States Code, and under Federal Rule of Bankruptcy Procedure 4001, and under Local Bankruptcy Rule 4001-1 for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code § 362.

**MEMORANDUM IN SUPPORT**

1.     The Court has jurisdiction over this matter under 28 U.S.C §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2.     On December 21, 2012, Toni K. Yasch AKA Toni K. Kemnitz obtained a loan from PNC Mortgage, a division of PNC Bank, National Association in the amount of $95,389.00. Such loan was evidenced by a Promissory Note dated December 21, 2012 (the "Note"), a copy of which is attached as Exhibit A.

17-039198_LMS1

3. To secure payment of the Note and performance of the other terms contained in it, John C. Yasch and Toni K. Yasch AKA Toni K. Kemnitz (collectively "Debtor") executed an Open-End Mortgage in favor of PNC Mortgage, a division of PNC Bank, National Association dated December 21, 2012 (the "Security Agreement"). The Security Agreement granted a lien on the real property located at 13407 Sherry Ave, Cleveland, OH 44135-2150 owned by the Debtor (the "Collateral"). The Collateral is more fully described in the Security Agreement (check one):

☒ attached as Exhibit B;

OR

☐ contained in the Note, attached as Exhibit A.

4. The lien created by the Security Agreement was duly perfected by:

☒ Filing of the Security Agreement in the office of the Cuyahoga County Recorder on January 28, 2013.

☐ Filing of the UCC-1 Financing Statement in the office of _____ _____on <DATE>.

☐ Notation of the lien on the Certificate of Title.

☐ Other (state with particularity) _____

A copy of the recorded Security Agreement, UCC-1 Financing Statement, Certificate of Title or other document, as applicable, is attached as Exhibit B. Based on Debtor's Schedule D, the lien is the first lien on the Collateral.

5. The entity in possession of the original Note as of the date of this motion, is **Creditor**.

6. The entity servicing the loan is PNC Bank, N.A..

7. The Note was transferred, as evidenced by the following:

a. If the Collateral is real estate:

17-039198_LMS1

i. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender (check only one):

☐ N/A.

OR

☐ By endorsement on the Note, payable to _____.

OR

☒ By blank endorsement on the Note. **Because the endorsement is in blank and Creditor is in possession of the original Note, Creditor is entitled to enforce the instrument.**

OR

☐ By allonge attached to the Note, payable to _____.

OR

☐ By blank allonge, attached to the Note.

OR

☐ The Note is not endorsed to the **Creditor**, or is not endorsed in blank with an allegation that the **Creditor** is in possession of the original Note. The factual and legal basis upon which the **Creditor** is entitled to bring this motion is (explain with particularity and attach supporting documentation): _____.

OR

☐ By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit <__>. Explain why it provides **Creditor** the authority to endorse the Note: _____

ii. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the <FIRST TRANSFEREE> to <_____> [ADD ADDITIONAL TRANSFER

SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE CREDITOR].

  iii. A court has already determined that **Creditor** has the ability to enforce the Note and Security Agreement with a judgment dated <INSERT DATE OF JUDGMENT> in the <INSERT NAME OF COURT>. A copy of the judgment is attached as Exhibit <__>.

  iv. Other: _____ [explain].

 b. If the Collateral is not real estate (check one):

  ☒ N/A.

  OR

  ☐ From the original lender to <FIRST TRANSFEREE> by <STATE METHOD OR DOCUMENT EFFECTING TRANSFER>.[ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE CREDITOR.]

8. The Security Agreement was transferred as follows (check one):

  ☒ N/A.

  OR

  ☐ From the original lender, mortgagee, or mortgagee's nominee on <DATE> to <FIRST TRANSFEREE>. The transfer is evidenced by the document(s) attached to this Motion as Exhibit <___>. [ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE CREDITOR.]

9. The value of the Collateral is $54,100.00. This valuation is based on Cuyahoga County Auditor's tax record.

10. As of **March 1, 2018**, there is currently due and owing on the Note the outstanding principal balance of $82,922.47, plus interest accruing thereon at the rate of 4.000% per annum ($9.09 per day) from December 1, 2017, as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

11. The amount due and owing on the Note as set forth in paragraph 10 does not include a credit for the sum held in a suspense account by the **Creditor**. The amount of the credit is $24.06.

12. Other parties **believed** to have an interest in the Collateral besides the debtor(s), the **Creditor**, and the trustee are (check all that apply):

    ☐ N/A.

    ☒ The Cuyahoga County Treasurer, for real estate taxes, **in an unknown amount.**

    ☐ <CO-OWNERS, IF APPLICABLE, STATE NAME>.

    ☐ <ANY OTHER PARTY HOLDING A LIEN, IF APPLICABLE, IN THE AMOUNT OF $_____ [ADD ADDITIONAL PARTIES AS APPROPRIATE>.

13. The **Creditor** is entitled to relief from the automatic stay under Bankruptcy Code § 362(d) for these reason(s) (check all that apply):

    ☒ Debtor has failed to provide adequate protection for the lien held by the **Creditor** for **the reasons stated in the boxes checked below**.

    ☐ Debtor has failed to keep the Collateral insured as required by the Security Agreement.

    ☐ Debtor has failed to keep current the real estate taxes owed on the Collateral.

    ☒ **Debtor has failed to make periodic payments to Creditor since the commencement of this bankruptcy case and is due for the months of January 1, 2018 through March 1, 2018, which unpaid payments are in the aggregate amount of $1,981.71 through March 1, 2018. The total provided in this paragraph cannot be relied upon as a postpetition reinstatement quotation.**

    ☐ Debtor is delinquent in funding the plan, and therefore the trustee has failed to make periodic payments to **Creditor** since the commencement of this bankruptcy case for the months of <STATE EACH MONTH AND YEAR>, which unpaid payments are in the aggregate amount of <AMOUNT> through <DATE>. The total provided in this paragraph cannot be relied upon as a postpetition reinstatement quotation.

☐ Debtor has no equity in the Collateral, because the Collateral is valued at _____, and including the **Creditor**'s lien, there are liens in an aggregate amount of _____ on the Collateral.

☐ Debtor's plan provides for surrender of the Collateral.

☐ The property is not necessary to an effective reorganization because _____.

☐ Other cause (set forth with specificity): _____.

14. **Creditor** has completed the worksheet attached as Exhibit C.

WHEREFORE, **Creditor** prays for an Order from the Court granting **Creditor** relief from the automatic stay of Bankruptcy Code. § 362 to permit **Creditor** to proceed under applicable nonbankruptcy law.

Respectfully submitted,

/s/ Adam B. Hall
_____

Stephen R. Franks (0075345)
Edward H. Cahill (0088985)
Adam B. Hall (0088234)
John R. Cummins (0036811)
Karina Velter (94781)
Sarah E. Barngrover (28840-64)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH  43216-5028
Telephone: 614-220-5611
Fax: 614-627-8181
Attorneys for Creditor
The case attorney for this file is Stephen R. Franks.
Contact email is srfranks@manleydeas.com

17-039198_LMS1

## CERTIFICATE OF SERVICE

This is to certify that on March 21, 2018, a true and accurate copy of the foregoing Motion for Relief from Stay on First Mortgage for Real Property Located at 13407 Sherry Ave, Cleveland, OH 44135-2150 was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- Office of U.S. Trustee, Northern District of Ohio, Party of Interest, (Registered address)@usdoj.gov

- Lauren A. Helbling, Chapter 13 Trustee, lauren@helblinglpa.com

- William J. Balena, Attorney for John C. Yasch and Toni K. Yasch AKA Toni K. Kemnitz, docket@ohbksource.com

and on the below listed parties by regular U.S. mail, postage prepaid:

- John C. Yasch and Toni K. Yasch AKA Toni K. Kemnitz, 13407 Sherry Avenue, Cleveland, OH  44135

- John C. Yasch and Toni K. Yasch AKA Toni K. Kemnitz, 13407 Sherry Ave, Cleveland, OH  44135-2150

- Cuyahoga County Treasurer, 1219 Ontario Street, Rm 135, Cleveland, OH  44113

/s/ Adam B. Hall

17-039198_LMS1